Marín, Peticionario, *v.* Acosta, Juez de Distrito,
Demandado.

Solicitud para que se expida un auto de *certiorari* contra
el Juez de la Corte de Distrito de Mayagüez.

No. 332.—Resuelto en abril 27, 1922.

Certiorari.—Habiendo sido el procedimiento de que se queja el peticionario de
hecho sustituído por la propia corte de distrito por otro de acuerdo con la
ley, carece de fin práctico en este caso investigar y resolver si dicho proce-
dimiento era o no erróneo y en tal virtud debe anularse el auto de *certiorari*
expedido.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. L. Feliú.*

Abogado del demandado: *Sr. M. Acosta Velarde.*

El Juez Presidente Sr. del Toro, emitió la opinión del
tribunal.

Angel Acosta Quintero inició una acción contra Eugenio
Lecompte y Genaro Cortés en reclamación de daños y per-
juicios por libelo.

Archivada la demanda, se solicitó y se obtuvo el asegu-
ramiento de la sentencia que pudiera dictarse, embargándose
bienes de los demandados. Pidieron éstos que se dejara sin
efecto el embargo mediante la prestación de una fianza y
la corte accedió. Manuel Marín y Blás Rodríguez prestaron
la fianza y el pleito siguió su curso.

El 1 de abril de 1921 la corte de distrito dictó sentencia
favorable al demandante por la suma de mil dólares. Luego,
ambas partes estuvieron conformes en fijar la suma de dos-
cientos dólares como costas. En 20 de agosto de 1921 se
decretó la confiscación de la fianza prestada, según se ha
dicho, para asegurar la efectividad de la sentencia, de acuerdo
con lo prescrito en la sección 16 de la ley sobre la materia
tal como quedó enmendada en 1916. Véase la Ley No. 27
de 1916, pág. 80, leyes de 1916.

Es conveniente transcribir la dicha sección 16. Dice así:

"Una vez firme la sentencia pronunciada a favor del litigante

que hubiere obtenido un mandamiento de embargo para asegurar la efectividad de dicha sentencia, si el expresado mandamiento de embargo se hubiese suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor de dicho litigante, y se expedirá orden de ejecución contra la parte condenada por la sentencia. Si la orden de ejecución fuere devuelta sin cumplimentar en todo o en parte, se expedirá nueva orden de ejecución contra los fiadores por el remanente que no haya sido satisfecho, siguiéndose contra los fiadores el procedimiento establecido en los artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil.''

El 1°. de septiembre de 1921, el demandante archivó un escrito jurado en el que hizo historia de todo lo ocurrido, a saber: Se trató de ejecutar la sentencia en bienes de los demandados. Lecompte no tenía. Se embargaron algunos de Cortés pero se declaró con lugar una tercería decidiéndose que dichos bienes pertenecían a otra persona. Y basándose en todo ello el demandante pidió que se citara a los fiadores para que comparecieran a demostrar causas, si las tenían, por virtud de las cuales no quedaban obligados por la sentencia. La corte accedió.

El mismo día 1°. de septiembre de 1921 el demandante solicitó que se decretara el embargo de bienes de los fiadores por vía de aseguramiento de la sentencia y la corte accedió a ello. La orden fué cumplida embargándose bienes del fiador Marín.

No habiendo comparecido los fiadores, el 22 de octubre de 1921 el demandante solicitó la ejecución de la sentencia y la corte la decretó en los siguientes términos:

''Vista la moción del peticionario, demandante en esta acción arriba titulada, y en vista de los antecedentes del caso, la corte la declara con lugar, y en su consecuencia ordena y decreta, que por el secretario de esta corte se libren al marshal de la misma, los correspondientes mandamientos de embargo y ejecución sobre los bienes de los fiadores en el presente caso, Sres. Manuel Marín y Blás Ramírez, suficientes a cubrir la cantidad reclamada en la petición jurada

o *affidavit* del demandante, según consta en autos, a este fin.—Dado hoy día 25 de octubre de 1921.—Tomás Bryan, Juez."

El 27 de octubre de 1921 se libró el mandamiento ordenado y en su cumplimiento se embargaron de nuevo los mismos bienes que se habían embargado para asegurar la efectividad de la sentencia el 2 de septiembre de 1921. El 19 de noviembre de 1921 los bienes así embargados fueron vendidos en pública subasta después de seguidos los trámites de ley.

Todos los hechos que dejamos expuestos constan de los autos originales en el pleito sobre daños y perjuicios elevados a esta corte a virtud del auto de *certiorari* solicitado por Marín que está sometido a nuestra consideración y resolución.

Se han levantado varias cuestiones que fueron argumentadas ampliamente por los ilustrados abogados de ambas partes, pero que han complicado innecesariamente la resolución de este asunto.

Toda la fuerza de la argumentación del peticionario Marín descansa en que la corte inferior actuó sin jurisdicción al decretar el embargo de bienes de los fiadores por vía de aseguramiento. A su juicio sólo cabe decretar el aseguramiento de la sentencia, de acuerdo con la ley especial sobre la materia, cuando se ha iniciado una acción por medio de demanda y sostiene que ninguna acción por tal medio fué iniciada contra los fiadores en este caso.

Pero aunque diéramos la razón al peticionario nos encontraríamos con que el procedimiento incidental de que se queja fué virtualmente desechado en la misma corte de distrito y sustituído por una orden de ejecución dictada de acuerdo con la ley, orden de ejecución que fué cumplida llegando no sólo a embargarse bienes, sino a venderse los bienes embargados.

Siendo esto así, carece de fin práctico la intervención de esta corte en el asunto, *Sucesión Vall* v. *Muñoz, Juez de Dis-*

*trito,* 14 D. P. R. 340, y en tal virtud debe anularse el auto expedido y devolverse el pleito a la corte de su origen.

*Declarada sin lugar la solicitud de* certiorari.

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.